UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMIT PATEL, <br><br> Plaintiff, <br><br> v. <br><br> STRIVE CONSULTING, LLC, <br><br> Defendant. | No. <br><br><br> **JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT FOR ACCOUNTING and OTHER RELIEF**

NOW COMES Plaintiff, AMIT PATEL, by his counsel, SHIPLEY LAW GROUP, LTD., and complaining of Defendant, STRIVE CONSULTING, LLC, states as follows:

**Nature of the Action**

1. This is an action for an accounting and related claims and for declaratory relief pursuant to 28 U.S.C. §2201 to determine and resolve questions of actual controversy pertaining to Plaintiff, Amit Patel, and Plaintiff's capital account for the interest of Plaintiff's Class B Units as a Member of Defendant, Strive Consulting, LLC.

**Description of Parties**

2. At all times mentioned herein Plaintiff, Amit Patel, was a resident of the City of Irving, State of Texas.

3. At all times mentioned herein Defendant, Strive, was a Delaware limited liability company, located in Chicago, Illinois and registered to do business in the State of Illinois.

**Jurisdiction and Venue**

4. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. §1332(a) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds, $75,000, exclusive of interest and costs.

5. Venue is proper in this District, pursuant to 28 U.S.C. §1391(a)(2)(b)(1)(2) because the events giving rise to the claims asserted by Plaintiff occurred within this District.

6. Pursuant to Article 14.10 of Defendant's Operating Agreement, executed on or about April 5, 2016, the parties agreed to submit to this Court's jurisdiction. (Exhibit 1)

**Facts Common to All Counts**

7. On or about March 15, 2016, Defendant was incorporated in the State of Delaware as a limited liability company.

8. On information and belief, Defendant was the successor limited liability company to RJBB Consulting, LLC. A search of the records of the Delaware Secretary of State reflects no record of a limited liability company formed under the name of RJBB Consulting, LLC.

9. The Operating Agreement, Article 5.1, reflected that management of Defendant would be vested in the Board of Managers. The initial Board of Managers was compromised of Ron Rother, Jon Clark, Brian Ganser and Brian Schonacher which remained the Board during Plaintiff's association with Defendant. (Exhibit 1)

10. The Recitals incorporated in Defendant's Operating Agreement reflected, inter alia, that immediately prior to the effective date of the Agreement, each of the Members owned equity in the Contributed Companies which each Member contributed to the Company in exchange for Membership Interests herein. Further that immediately following the time the Members entered into this Agreement, Defendant would acquire the remaining equity of the Contributed Companies resulting in the Contributed Companies becoming wholly owned by the Company as disregarded limited liability companies. (Exhibit 1)

11. Prior to March 2016, Plaintiff was a partner and held an equity interest in AIM Consulting Group Dallas, LLC, a Texas limited liability company, one of the companies identified as 'Contributed Companies' in the Operating Agreement.

12. Consistent with the terms of the Operating Agreement, in or about March, 2016 or April, 2016, Defendant purchased, pursuant to a Contribution Agreement executed by the parties and others, the interests of the equity owners of AIM Consulting Group Dallas, LLC, including the equity interest held by Plaintiff. (Exhibit 2, Exemplar Agreement)

13. The terms of the Contribution Agreement made specific reference to the Operating Agreement.

14. The value of Plaintiff's capital contribution, as defined by the Contribution Agreement, was $481,332.42. (Exhibit 2)

15. The Contribution Agreement, Article 1.1, provided that each Investor was required to execute the Operating Agreement of the company, pursuant to which each investor agreed to become a member of Defendant LLC in connection with the acquisition of units. (Exhibit 2)

16. On or about April 5, 2016, consistent with his obligations under the Contribution Agreement and Operating Agreement Plaintiff, as a Member, executed the Operating Agreement, as did the other members. (Exhibit 1)

17. Plaintiff's interest as identified on the Schedule of Members in the Operating Agreement was valued at 166,000 Class B Units, representing a 1.66% equity interest in Defendant. (Exhibit 1)

18. The Contribution Agreement is identified and referenced in the Schedule of Members in the Operating Agreement. (Exhibit 1)

19. The Operating Agreement, Article 3.1, established that Plaintiff's $481,332.42 contribution for the 1.66% equity interest represented the Initial Contribution as well as establishing the initial Capital Account. (Exhibit 1)

20. The Operating Agreement, Article 3.1 and Article 3.4, required Defendant to maintain a separate Capital Account for each Member. (Exhibit 1)

21. During Plaintiff's association with Defendant, Plaintiff never received any notice that his Capital Account was being adjusted nor did Defendant provide any documents reflecting such adjustment.

22. The Operating Agreement, Article 4.1, set forth the Defendant's cash distribution policy. Article 4.1 (c) required, inter alia, that Defendant distribute to each Member within ninety (90) days after the end of the Fiscal Year an amount of cash equal to a good faith judgment of the amount of Board pertaining to the potential tax liability of a Member. (Exhibit 1)

23. The Operating Agreement, Article 4.3, also provided for Special Allocations, which pertained to the profit and loss of Defendant and the impact, if any, of adjustments, allocations or distributions to the Members. (Exhibit (1)

24. During Plaintiff's association with Defendant, Plaintiff never received any distribution or notice of Special Allocation nor did Defendant provide any documents reflecting that a tax distribution would impair the liquidity of Defendant with respect to its working capital.

25. The Operating Agreement, Article 7.1, required Defendant to keep appropriate books and records regarding Defendant's business, including, inter alia, all books and records necessary to provide any information required to be provided pursuant to applicable laws. (Exhibit 1)

26. The Operating Agreement, Article 14.10, provided it would be governed by and construed in accordance with the laws of the State of Delaware without giving effect to any choice of law or conflict of law rules or provisions. (Exhibit 1)

27. On and after the execution of the Operating Agreement and consistent with his obligations Plaintiff acted in good faith in furtherance of Defendant's business.

28. On or about February 17, 2017, Plaintiff was rewarded for his efforts in furtherance of Defendant's business by being awarded and granted an additional 30,970 Class B Units representing a Profits Interest. (Exhibit 3)

29. On or about June 28, 2017, Plaintiff 's employment was terminated without cause. The termination correspondence advised, inter alia, that the fair market value of Plaintiff's Class B Units was less than $.01. (Exhibit 4)

30. The termination correspondence does not state or otherwise indicate that Plaintiff's equity interest was forfeited.

## Count I
## (Accounting)

31. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-30 as Paragraph 30 of this Count I as though fully set forth herein.

32. Defendant, through its Board of Managers, and consistent with the Operating Agreement, Article 5.6(c), owed Plaintiff a duty of good faith and fair dealing.

33. Defendant, through its Board of Managers, and consistent with the Operating Agreement, Article 5.6(c), owed a fiduciary duty to Plaintiff to act in the best interest of Plaintiff as a member of Defendant's LLC.

34. Defendant, through its Board of Managers, and pursuant to 6 Del. C. § 18-305, owed plaintiff a duty to provide true and full information regarding the status of the Defendant's business and financial condition.

35. On and subsequent to Plaintiff's termination, Defendant failed to redeem or account for the value of Plaintiff's equity interest.

36. The termination did not divest Plaintiff of his equity interest.

37. The Operating Agreement, Article 9.8, does not contain any provisions by which a member's equity interest becomes forfeited upon the termination of employment. (Exhibit 1)

38. Subsequent to Plaintiff's termination, Defendant, through its Board of Managers, failed to provide any documents or information supporting the contention that the fair market value of Plaintiff's Class B Units was less than $.01.

39. Notwithstanding Plaintiff's termination, Defendant has willfully withheld and refused to tender to Plaintiff the value of his equity interest or alternatively provide an accounting representing a description and valuation of the equity interest as of the termination.

40. Plaintiff has made demand upon Defendant for such records, specifically requesting an accounting, which accounting Defendant has refused to provide.

41. Pursuant to 6 Del. C. § 18-305 Plaintiff as the continuing owner of an equity interest in Defendant, has the right to obtain records from Defendant, including, inter alia, true and full information regarding the status of Defendant's business and financial condition.

42. Defendant, through its Board of Managers, violated their duty and obligation by:

    a. Failing to provide access to and copies Defendant's books and records;

    b. Failing to comply with 6 Del. C. § 18-305;

    c. Failing to account for Defendant's claim that Plaintiff's equity interest is now less than $.01;

    d. Failing to redeem Plaintiff's Class B Units in accordance with the Operating Agreement;

  e. Claiming Plaintiff's Class B Units were forfeited upon termination.

 43. The actions of Defendant have been for the use and benefit of Defendant and to the detriment of Plaintiff.

 44. The actions of Defendant as alleged are continuing and Plaintiff is without an adequate remedy to determine the current status of Defendant's affairs and business.

 WHEREFORE, Plaintiff, AMIT PATEL, prays this Honorable Court compel Defendant, STRIVE CONSULTING, LLC:

 A. To account for all transactions by said Defendant in connection with the activities relating to its business and affairs;

 B. To account for all transactions by said Defendant in connection with the valuation of Plaintiff's equity interest;

 C. Compel Defendant to pay Plaintiff said sums which are due and owing, as shall be found in an accounting;

 D. Award Plaintiff a judgment for such sums which are found to be due and owing;

 E. Award Plaintiff a judgment for his costs and reasonable attorney's fees;

 F. Granting such other relief this court deems equitable and just.

**Count II**
**(Breach of Contract.Operating Agreement)**

 45. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-38 as Paragraph 45 of this Count II as though fully set forth herein.

 46. Notwithstanding Plaintiff's termination, Defendant has willfully withheld and refused to tender to Plaintiff the value of his equity interest.

47. Plaintiff has made demand upon Defendant to tender the value of his equity interest.

48. Pursuant to 6 Del. C. § 18-305 Plaintiff as the continuing owner of an equity interest in Defendant, has the right to obtain records from Defendant, including, inter alia, true and full information regarding the status of Plaintiff's capital account.

49. Defendant, through its Board of Managers, violated their duty and obligation by:

   a. Failing to provide access to records pertaining to Plaintiff's capital account;

   b. Failing to comply with 6 Del. C. § 18-305;

   c. Failing to redeem the value of Plaintiff's equity interest;

   d. Claiming Plaintiff's Class B Units were forfeited upon termination.

50. Defendant, though its Board of Managers, failure to tender the value of Plaintiff's equity interest is a breach of the contractual covenant of good faith and fair dealing.

51. Plaintiff has sustained damages due to Defendant's failure to redeem the value of his equity interest.

WHEREFORE, Plaintiff, AMIT PATEL, prays this Honorable Court compel Defendant, STRIVE CONSULTING, LLC:

A. Award Plaintiff a judgment for such sums which are found to be due and owing;

B. Award Plaintiff a judgment for his costs and reasonable attorney's fees;

C. Granting such other relief this court deems equitable and just.

## Count III
## (Breach of Contract.Termination Correspondence)

52. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-30 as Paragraph 52 of this Count III as though fully set forth herein.

53. The termination correspondence provided, inter alia, that Plaintiff's personal effects would be returned. (Exhibit 4)

54. Plaintiff had a personal external hard drive on Company premises which was confiscated by Defendant. The external hard drive contained Plaintiff's personal and sensitive family and financial information, including information pertaining to Plaintiff's business interests which do not compete with Defendant.

55. On information and belief Defendant has searched and viewed the aforementioned personal and financial information that was contained on the external hard drive, including information pertaining to Plaintiff's business interests which do not compete with Defendant.

56. On information and belief Defendant has downloaded and/or otherwise retained copies of the aforementioned personal and financial information contained on the external hard drive, including that information related to Plaintiff's business interests which do not compete with Defendant

57. Plaintiff has made demand for the return of the external hard drive with which Defendant has refused to comply.

58. Defendant's failure and refusal to return the external hard drive, which does not pertain to the Defendant's business, is deliberate and willful.

59. Defendant's downloading and/or otherwise retaining copies of the aforementioned personal and financial information, including that information related to Plaintiff's business interests which do not compete with Defendant, is deliberate and willful.

60. Defendant's deliberate and willful failure to return the external hard drive has caused Plaintiff to sustain damages.

WHEREFORE, Plaintiff, AMIT PATEL, prays this Honorable Court enter the following relief:

A. Order Defendant to immediately return Plaintiff's external hard drive;

B. Order Defendant to immediately return to Plaintiff copies of all information which was downloaded and/or retained in another format by Defendant;

C. Order Defendant to provide Affidavit(s) from each of Defendant's Members and Managers confirming that all of Plaintiff's personal and financial information, including that information related to Plaintiff's business interests which do not compete with Defendant, has been both destroyed and returned to Plaintiff;

D. Bar Defendant, including its Members and Managers, from using any information contained and found on Plaintiff's external hard drive;

E. Bar Defendant, including its Members and Managers, from disseminating any information contained and found on Plaintiff's external hard drive to third parties;

F. Award Plaintiff damages, as established by the evidence, relating to Defendant's deliberate and willful failure to return the external hard drive;

G.    Award Plaintiff damages, as established by the evidence, relating to Defendant's dissemination of information found on Plaintiff's external hard drive to third parties;

H.    Award Plaintiff a judgment for his costs and reasonable attorney's fees;

I.    Granting such other relief this court deems equitable and just.

### Count IV
### (Bad Faith)

61.    Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-60 as Paragraph 61 of this Count IV as though fully set forth herein.

62.    The actions of Defendant in terminating Plaintiff and willfully refusing to tender to Plaintiff the value of his equity interest or alternatively provide an accounting representing a description and valuation of the equity interest as of the termination constitutes bad faith and a violation of the implied contractual covenant of good faith and fair dealing.

63.    The actions of Defendant in deliberately and willfully refusing to return Plaintiff's external hard drive constitutes bad faith and a violation of the implied contractual covenant of good faith and fair dealing.

64.    The actions of Defendant in downloading and/or otherwise retaining copies of Plaintiff's personal and financial information, including that information related to Plaintiff's business interests which do not compete with Defendant constitutes bad faith and a violation of the implied contractual covenant of good faith and fair dealing.

WHEREFORE, Plaintiff, AMIT PATEL, prays this Honorable Court enter judgment against Defendant, STRIVE CONSULTING, LLC:

A.    For all sums which are due and owing, as shall be found in an accounting;

B. Award Plaintiff a judgment for such sums which are found to be due and owing;

C. Award Plaintiff damages, as established by the evidence, relating to Defendant's deliberate and willful failure to return the personal computer hard drive;

D. Award Plaintiff damages, as established by the evidence, relating to Defendant's dissemination of information found on Plaintiff's external hard drive to third parties;

E. Award Plaintiff a judgment for his costs and reasonable attorney's fees;

F. Granting such other relief this court deems equitable and just.

## Count V
## (Declaratory Judgment)

65. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-44 as Paragraph 65 of this Count IV as though fully set forth herein.

66. That under the provisions of 28 U.S.C. §2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto; and the terms and provisions of the Operating Agreement to adjudicate the final rights of any parties under it; and to give such further relief as may be necessary to enforce same.

WHEREFORE, Plaintiff, AMIT PATEL, prays this Honorable Court enter the following relief:

A. A declaratory judgment finding that Defendant violated the terms of the Operating Agreement;

B. A declaratory judgment finding that upon termination Plaintiff's Class B Units were not forfeited;

C. A declaratory judgment finding that Defendant must purchase Plaintiff's Class B Units at fair market value as established by an accounting;

D.    That Defendant be required to pay Plaintiff for the value of the Class B Units

E.    Award Plaintiff a judgment for such sums which are found to be due and owing;

F.    Award Plaintiff a judgment for his costs and reasonable attorney's fees;

G.    Granting such other relief this court deems equitable and just.


SHIPLEY LAW GROUP, LTD.

BY:    *Robert A. Shipley*

ATTORNEY FOR PLAINTIFF


SHIPLEY LAW GROUP, LTD.
135 South LaSalle Street
Suite 2100
Chicago, Illinois 60603
312-527-4545
robert.shipley@shipleylawgroup.com

## VERIFICATION

X _____
AMIT PATEL

STATE OF TEXAS
                    SS
COUNTY OF Dallas

[Notary Seal: HILDA MACIAS, Notary Public, STATE OF TEXAS, My Comm. Exp. 03-23-20, Notary ID # 12643137-9]

On this 6th day of February, 2018, before me personally appeared the above named individual to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

NOTARY PUBLIC _____Hilda Macias_____

SHIPLEY LAW GROUP, LTD.
135 South LaSalle Street
Suite 2100
Chicago, Illinois 60603
(312)527-4545
robert.shipley@shipleylawgroup.com

15